Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SANDRA THORPE<br><br>　　　　Defendant. | ) <br> ) <br> ) **CR 09-0084 MJP** <br> ) <br> ) **DEFENDANT'S SENTENCING** <br> ) **MEMORANDUM** <br> ) <br> ) <br> ) <br> ) <br> ) |

DEFENDANT'S SENTENCING MEMORANDUM

The defendant, SANDRA THORPE, by and through counsel, JESSE CANTOR, hereby submits the following sentencing memorandum in support of our sentencing recommendation of 24 months probation with no jail term, no fine, and restitution in the amount of $725.

I.　USSG CALCULATIONS

There is no dispute from any party (including probation) that Sandra Thorpe played a minimal role in this mortgage fraud conspiracy. Her role was limited to writing and submitting 29 letters that falsely attested to the employment status and other financial information pertaining to specific loan applicants. *See Exhibit A*. That is, Ms. Thorpe was invited by co-conspirator Camie Byron to prepare 29 letters indicating that employment information, tax information, and

SENTENCING MEMO - 1

Jesse Guerrero Cantor,# 26736
RIOS CANTOR, P.S.
ATTORNEYS AT LAW
811 FIRST AVE, SUITE 200
SEATTLE, WA 98104
(206) 749-5600

other financial information had been verified when in truth such information had not been verified. For her services, Ms. Thorpe received anywhere from $20 to $25 per letter. She received no additional compensation and that was the extent of her involvement in this otherwise very elaborate mortgage fraud conspiracy.

In her plea agreement, Ms. Thorpe and the Government stipulated that at most "the reasonably foreseeable pecuniary harm" attributed to this defendant is to be no more than $5000. No other factual stipulation was entered between the two parties to suggest that Ms. Thorpe reasonably should have known that the economic loss attributed to her conduct would exceed $5000. In fact, because her role was so minimal, the parties agreed that it would be unreasonable to believe that Ms. Thorpe should have foreseen potential losses in excess of $5000. As such, The Government agreed that no economic loss adjustment pursuant to USSG Section 2B1.1(b)(1)(A) should be imposed on Ms. Thorpe. The parties stipulated to this fact because the defendant's conduct was so minimal that it would be unreasonable to believe that she should have known that her failure to verify would lead to significant financial losses. In fact, Ms. Thorpe stated during her PSI that "At the time, *I did not realize the ramifications of my actions.*"

There is simply no factual basis to support any finding that the foreseeable economic harm attributed to Ms. Thorpe exceeded $5000. To make such a finding would require an evidentiary hearing, and no party intends to request an evidentiary hearing on this particular point. Accordingly, the base offense level for Ms. Thorpe is at a level 6 with no adjustments for economic loss.

The defense is in agreement with Probation's finding that Ms. Thorpe is deserving of a 4 level downward adjustment for being a "minimal participant" pursuant to USSG Section 3B1.2.

SENTENCING MEMO - 2

Jesse Guerrero Cantor,# 26736
RIOS CANTOR, P.S.
ATTORNEYS AT LAW
811 FIRST AVE, SUITE 200
SEATTLE, WA 98104
(206) 749-5600

Finally, the parties stipulated that a two level adjustment should be imposed for the existence of 10 or more victims, pursuant to 2B1.1(b)(2). And because Ms. Thorpe accepted responsibility, a 2 level downward adjustment is appropriate. Therefore, Ms. Thorpe's total offense level should be at a level 2.

## II. SENTENCING RECOMMENDATION

All parties, including U.S. Probation are recommending no jail time and no fine for Ms. Thorpe. All parties agree that a sentence of probation is sufficient punishment for Ms. Thorpe's limited conduct.

It is important to note that Ms. Thorpe voluntarily confessed to her involvement *before becoming aware that she was under criminal investigation.* That is, on July 18, 2008, without the assistance of counsel, Ms. Thorpe gave a sworn deposition about her role in the fraud. The deposition was part of a civil lawsuit filed against the defendants, which was lodged over a year before the indictment was returned. *See Exhibit B.* In her deposition, Ms. Thorpe expresses both remorse and regret for her actions. When asked by counsel, "did it ever occur to you that a letter such as this might deceive the lender as to the loan applicant?" Ms. Thorpe candidly responded as follows:

> Yes and No. I mean, yes, being that I guess I felt that what they were telling me was that she was qualified, or whoever—was qualified to get this loan. So I guess I believed it was okay, *except it really wasn't okay*. On the other hand, maybe a small part of my brain went, maybe they're not qualified. So I don't know. I had mixed feelings, I'm going to be honest with you. Yes and no.

When asked next if she was still doing this for Kobay, Ms. Thorpe responded by answering, "No." In fact, the last letter that Ms. Thorpe prepared for Kobay was just over one year before the indictment was returned. Finally, the plaintiff's

SENTENCING MEMO - 3

Jesse Guerrero Cantor,# 26736
RIOS CANTOR, P.S.
ATTORNEYS AT LAW
811 FIRST AVE, SUITE 200
SEATTLE, WA 98104
(206) 749-5600

lawyer asked Ms. Thorpe, "Based on your education and experience, sitting here today, do you think it was a good idea for you to write these letters?" Ms. Thorpe, without hesitation, answered, "No." In essence, long before her arrest, Ms. Thorpe accepted responsibility for her mistake and never once misled anyone as to the level of her involvement. She voluntarily terminated herself from the "conspiracy" long before anyone knew of any active criminal investigation. And her role was so limited, that all parties agree that Ms. Thorpe is really in a "class of her own" when compared to the other defendants charged in this conspiracy.

At the age of 56, Ms. Thorpe is appearing before a criminal court for the very first time. Throughout her 56 years of life, she has not so much as earned a single blemish on her record. She is a law abiding woman who made a serious mistake, then caught herself on that mistake, and has taken steps to assure everyone (including the Government) that she has learned from this experience and that she will not repeat the past. Ms. Thorpe has commendable and considerable support from her community, and This Court should be assured that the label of a Federal Felony conviction, coupled with 24 months of probation, is a sufficient punishment that is not greater than necessary to meet the objectives of 18 USC 3553(a). All parties are in agreement as to this end and we respectfully request that This Court follow the recommendations of both the defense and the Government as to the total offense level, and that This Court follow the recommendation from all parties (including probation) as to a sentence of a period of probation with no jail term and no fine.

SENTENCING MEMO - 4

Jesse Guerrero Cantor,# 26736
RIOS CANTOR, P.S.
ATTORNEYS AT LAW
811 FIRST AVE, SUITE 200
SEATTLE, WA 98104
(206) 749-5600

1  RESPECTFULLY SUBMITTED: This 30th day of NOVEMBER, 2009.

2

3  _____

4  Jesse Cantor, WSBA # 26736
   Attorney for Sandra Thorpe

5

6

7

8

9

10

11                          CERTIFICATE OF SERVICE

12  I, Jesse Cantor, attorney for the defendant, hereby certify that on this 30th day of November,
    2009, I electronically filed the foregoing pleading using the CM/ECF system which provides
13  service to all parties including the plaintiff party.

14

15  _____
    Jesse Cantor
16

17

18

19

20

21

22

23

24

25
    SENTENCING MEMO - 5                       Jesse Guerrero Cantor,# 26736
                                                   RIOS CANTOR, P.S.
                                                   ATTORNEYS AT LAW
                                              811 FIRST AVE, SUITE 200
                                                   SEATTLE, WA 98104
                                                      (206) 749-5600